UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BARBARA TABOR** | **CIVIL ACTION NO. 3:14CV2374** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MADISON PARISH HOSPITAL SERVICE DISTRICT, ET AL** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a "Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction," [doc. # 13], filed by the wife of Defendant Thomas Joe Williams, Zola Williams, who appears on behalf of Defendant only to address the sufficiency of service and the existence of personal jurisdiction. Plaintiff does not oppose the Motion.

Plaintiff filed suit on July 24, 2014, and named, among others, Thomas Joe Williams as a Defendant. [doc. # 1]. Defendant, however, died in June of 2014. [doc. #s 13-1; 13-2]. "'Federal law . . . relies on state law to determine if a party can be named as a defendant to a lawsuit. Louisiana law does not allow suits against the deceased.'" *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 604 (5th Cir. 2009) (quoting *Martinez v. U.S.*, 1998 WL 92248, at *2 (E.D. La. March 2, 1998)). Here, Plaintiff's claims against Defendant should be dismissed pursuant to FED. R. CIV. P. 17(b)(1) because Defendant lacks the capacity to be sued.[1]

---

[1] Insofar as Plaintiff wishes to pursue claims arising out of Defendant's conduct, she may amend her Complaint and add Defendant's succession representative as a party within the deadline for filing objections to the instant Report and Recommendation. *See* LA. CODE CIV. PROC. art. 734 (succession representative appointed by state court is the proper defendant in an action to enforce an obligation of the deceased); *see also Darby v. Pasadena Police Dept.*, 939 F.2d 311, 315 (5th Cir. 1991) (allowing a plaintiff who sued a defendant with no capacity to be sued to amend and sue the proper party).

Accordingly, to the extent that Defendant seeks dismissal pursuant to Rule 17(b)(1), IT IS RECOMMENDED that the instant Motion to Dismiss, [doc. # 13], be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE**.[2]  IT IS FURTHER RECOMMENDED that the Motion be otherwise **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[2] The Court may dismiss a claim on its own motion as long as the Plaintiff has notice of the Court's intention and an opportunity to respond.  *Davoodi v. Austin Indep. Sch. Bd.*, 755 F.3d 307, 310 (5th Cir. 2014) (citing *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)).  This Report and Recommendation satisfies these requirements.

In Chambers, Monroe, Louisiana, this 26th day of February, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE