UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BARBARA TABOR** | **CIVIL ACTION NO. 3:14CV2374** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MADISON PARISH HOSPITAL SERVICE DISTRICT, ET AL** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss, [doc. # 23], filed by Defendant James D. "Buddy" Caldwell. Plaintiff does not oppose the Motion. For reasons stated below, it is recommended that the Motion be **GRANTED**.

## Background

Plaintiff filed suit on July 24, 2014, and named, among others, James D. "Buddy" Caldwell as a Defendant in his official capacity as the Attorney General of the State of Louisiana. [doc. # 1, p. 3]. She claims that Defendant defamed her and intentionally inflicted emotional distress, and she seeks damages for mental anguish, pain and suffering, and lost wages. *Id.* at 9-15. Defendant filed the instant Motion on March 10, 2015. [doc. # 23]. He argues, *inter alia*, that Plaintiff's claims against him should be dismissed because the Court lacks subject matter jurisdiction. [doc. # 23-1, p. 4].

## Law and Analysis

The Eleventh Amendment forbids federal courts from entertaining suits commenced against a state by a citizen of another state. U.S. CONST. amend. XI; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (observing that the Amendment also bars

suits brought by a citizen against his own state). While a state may expressly waive Eleventh Amendment sovereign immunity,[1] Louisiana has not done so. To the contrary, LA. REV. STAT. § 13:5106(A) provides, "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

That in mind, "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). The real party in interest in an official-capacity suit is the governmental entity, not the named official. *Id.* at 25 (citing *Kentucky v. Graham*, 473 U.S 159, 166 (1985)); *see Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (holding that official capacity suits are generally "another way of pleading an action against an entity of which an officer is an agent."). The suit against a state official is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).[2]

Here, Plaintiff's claims against Attorney General Caldwell, a state official, are in fact

---

[1] *See Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (observing that, with respect to state law claims, federal courts lack jurisdiction over suits against a state unless that state has waived its sovereign immunity); *see also Darlack v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (observing that, with respect to federal law claims against a state, federal courts lack jurisdiction "unless there is a clear showing of congressional intent to abrogate the Eleventh Amendment bar.").

[2] "Suits by private citizens against state officers in their official capacity are not . . . categorically barred." *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015). Federal courts "may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution. *See Moore v. Louisiana Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). That exception does not apply here because Plaintiff does not seek to enjoin Defendant from taking action in a manner that violates federal law.

claims against the State. *See Hamilton v. Foti*, 372 Fed. App'x 480, 486 (5th Cir. 2010) (holding that the Eleventh Amendment barred suit against the Louisiana Attorney General in his official capacity); *see also Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (observing that when a plaintiff seeks relief that would be provided by the state treasury, the state is the real party in interest and sovereign immunity applies). The State, in turn, is entitled to Eleventh Amendment Immunity. Consequently, the Court lacks jurisdiction to hear Plaintiff's claims against Defendant. *See Richardson*, 118 F.3d at 452 (noting that even though the plaintiff did not name the State of Louisiana as a defendant, the "suit may nonetheless succumb to Eleventh Amendment immunity if the State is the real party in interest.").

## Conclusion

For the reasons stated above, IT IS RECOMMENDED that, to the extent Defendant seeks dismissal for lack of jurisdiction, the instant Motion to Dismiss, [doc. # 23], be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 13th day of April, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE