UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| BARBARA TABOR | * | CIVIL ACTION NO. 14-2374 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MADISON PARISH HOSPITAL SERVICE DISTRICT, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss, or in the alternative, for sanctions [doc. # 36] filed by defendants, Madison Parish Hospital Service District, et al. The motion is opposed. For reasons assigned below, the alternative motion for sanctions is GRANTED IN PART, but otherwise DENIED.[1]

### Background

On June 4, 2015, this court issued an order granting defendants, Madison Parish Hospital Service District, et al.'s motion to compel and request for costs [doc. 33] stemming from plaintiff's failure to provide defendants with her Rule 26 initial disclosures. (June 4, 2015, Order [doc. # 35]). In so doing, the court ordered plaintiff, within 14 days, to provide defendants with

---

[1] As the motion for sanctions is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).
    However, because the motion to dismiss is potentially dispositive, the undersigned will incorporate that component of the analysis into a separate report and recommendation.

her initial disclosures and to pay defendants the sum of $500. *Id*.[2]

After the foregoing deadline lapsed without any disclosures or payment from plaintiff, defense counsel contacted plaintiff's counsel on June 23, 2015, to check on same. (June 23, 2015, Letter from Tiffany Smith to Richard Fewell; M/Dismiss, Exh. A). During the conversation, plaintiff's counsel told defense counsel that he would have to review his file and call her back. *Id*. However, when, by June 26, plaintiff's counsel had not returned the call, defendants filed the instant motion to dismiss or for sanctions.

Plaintiff filed her opposition to the motion on July 24, 2015, in which her counsel acknowledged that he had discussed the court's order with defense counsel. (Opp. Memo. [doc. # 40]). Plaintiff also represented that since the filing of defendants' latest motion, plaintiff finally had provided defense counsel with initial disclosures and the $500 payment ordered by the court. *Id*., Exhs. 1-3. Plaintiff attributed the delay to the considerable number of witnesses involved (303), as well as the "many documents" that remained within plaintiff's control, but had yet to be produced to her counsel. (Opp. Memo., pg. 2). Thus, plaintiff maintains that she has complied with the court order, albeit belatedly.

On August 3, 2015, defendants filed a reply memorandum that re-urged dismissal of the suit. The matter is ripe.

## **Applicable Rules**

Rule 37 of the Federal Rules of Civil Procedure specifies that,

> [i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[2] In addition, plaintiff was to file proof of payment in the court record within 7 days thereafter. *Id*.

> **(I)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Furthermore,

> [i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C).

In addition,

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).

Fed. R. Civ. P. 37(c)(1).

Finally, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part).

## Analysis

A court is authorized to dismiss the complaint when a party refuses to abide a valid discovery order. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (citations omitted). In deciding whether dismissal is warranted, the courts are guided by a number of considerations:

> [f]irst, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Batson, supra* (internal citations omitted).

Therefore, while authorized by the rules, dismissal with prejudice remains a "draconian" remedy, or a "remedy of last resort," that only may be applied in extreme circumstances. *Id.* (citations omitted).

Rule 41 also supports dismissal with prejudice only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-*

*CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (citation omitted).[3] In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan, supra*.

Applying the foregoing considerations here, the court is not persuaded that plaintiff's conduct warrants the ultimate sanction of dismissal or the likely evisceration of her case via exclusion of witnesses or evidence. Although plaintiff's counsel attributes at least some of the delay to his client, there is no indication that she personally was aware of the court imposed deadlines, but purposefully flaunted them. Moreover, given the extensive witness list, it is understandable that it could take a significant amount of time to compile all of the names and associated information.

Accordingly, the court is unable to conclude that plaintiff or her counsel intentionally or willfully disregarded a court order. In fact, plaintiff eventually complied, albeit tardily, and without the courtesy of a request for extension of time.

The court further finds that defendants have not suffered incurable prejudice as a result of plaintiff's dilatory compliance with the rules and court order(s). Although plaintiff's conduct has caused defendants to file motions to enforce compliance, defendants' burden may be

---

[3] Contumacious conduct is defined as "[a] willful disobedience of a court order." BLACK'S LAW DICTIONARY (9th ed. 2009). Also, the "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (citing as an example a case that was dormant for seven years and noting that the "decisions of this court affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays.").

ameliorated by requiring plaintiff to reimburse them for at least of portion of the fees incurred. *See* discussion, *infra*. Furthermore, insofar as plaintiff's delay has retarded movants' preparation of their defense, any harm may be remedied via motion to extend the affected deadlines.

In sum, while the court is sympathetic defendants' growing frustration, it simply is not within this court's discretion to dismiss a suit with prejudice because of a plaintiff's failure to comply with a "few court orders or rules." *Berry*, 975 F.2d at n.6.[4] Furthermore, plaintiff's counsel is complying with rules and court orders – after prodding. Toward that end, the court will order plaintiff and her counsel to pay movants the total sum of $500 as reasonable attorney's fees to ameliorate the reasonable expenses and fees incurred by defendants for having to file this successive motion.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that defendants' alternative motion for sanctions [doc. # 36] is hereby GRANTED IN PART, to the following extent,

IT IS ORDERED that within 14 days from the date of this order, plaintiff Barbara Tabor and her counsel, shall remit the single sum of $500 to defendants, Madison Parish Hospital Service District, et al. (the moving defendants), via their counsel, and to file proof of payment in the record of these proceedings within 7 days thereafter.

IT IS FURTHER ORDERED that the alternative motion for sanctions [doc. # 36]

---

[4] As noted by defendants, this court has recommended dismissal of cases for conduct arguably less egregious than that at issue here. *See e.g., Thomas v. Entergy Services, Inc.*, Civ. Action No. 14-2254 (W.D. La.). In those cases, however, the plaintiff typically was unrepresented, and therefore, the conduct was attributable to him personally. Moreover, in those suits, the plaintiffs all but uniformly had abandoned their cases.

otherwise is DENIED.

      In Chambers, at Monroe, Louisiana, this 8th day of August 2015.

                                                                KAREN L. HAYES
                                                       UNITED STATES MAGISTRATE JUDGE