# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **BARBARA TABOR** | * | **CIVIL ACTION NO.  14-2374** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MADISON PARISH HOSPITAL SERVICE DISTRICT, ET AL** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for judgment on the pleadings, Fed.R.Civ.P. 12(c) [doc. # 41], filed by defendants, Johnny Ford, Sandra Smith, Tom Bartholomew, and Scott Barrilleaux.  The motion is opposed, in part.  For reasons explained below, it is recommended that the motion be GRANTED.

## Background

On July 24, 2014, Barbara Tabor filed the instant complaint for relief under state and federal law against her former employer, Madison Parish Hospital Service District ("MPHSD"); members of the MPHSD's Board of Commissioners (incorrectly referred to as "Trustees"): Thomas Joe Williams, Johnny Ford, Sandra Smith, and Tom Bartholomew; MPHSD's CEO, Scott Barrilleaux; and the Louisiana Attorney General, James D. "Buddy" Caldwell.  (Compl.). Plaintiff alleges that on February 11, 2013, she entered into a two-year contract with MPHSD to serve as its Chief Financial Officer ("CFO").  (Compl., ¶ 5).[1]  After just six months, however, the MPHSD terminated her employment, without cause.  *Id*.  Plaintiff alleges that during her brief

---

[1]  Plaintiff alleged that she attached a copy of the employment agreement to her complaint.  (Compl. ¶ 5).  The agreement, however, does not appear in the record.

tenure, she uncovered numerous financial and employment irregularities at MPHSD that she brought to the attention of the Board and the Louisiana legislature.  (Compl.).  Nonetheless, her efforts resulted in her dismissal and the institution of criminal charges against her.  *Id.*, ¶ 21.

Tabor asserts the following seven "cause(s) of action" against the various defendants:  1) breach of contract; 2) defamation per se; 3) deprivation of civil rights under 42 U.S.C. § 1983; 4) intentional infliction of emotional distress; 5) assault and battery; 6) violation of the Louisiana Whistleblower Statute, La. R.S. § 23:967; and 7) attorney's fees and miscellaneous fees. (Compl.).  Besides fees and costs, plaintiff seeks compensatory and special damages, comprised of back pay, benefits, reinstatement, mental anguish, pain and suffering, and lost wages.  *Id.*

In response to plaintiff's suit, defendants, Thomas Joe Williams and James D. "Buddy" Caldwell filed motions to dismiss, which the court granted, without opposition.  [doc. #s 13, 20, 23, 25, 27, 28, & 66].  Meanwhile, on July 28, 2015, the four remaining individual defendants, Johnny Ford, Sandra Smith, Tom Bartholomew, and Scott Barrilleaux, filed the instant motion for judgment on the pleadings.  Plaintiff filed her response to the motion on August 31, 2015, in which she conceded portions of the motion as to certain defendants, but denied the remainder. Defendants filed their reply on September 14, 2015.  Thus, the matter is ripe.

**Discussion**

## I.      Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).  A motion for judgment on the pleadings is analyzed using the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert, supra*.[2] Although the court must accept as true all factual allegations set forth in the

_____

[2] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

complaint, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.[3]  In addition, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record).  Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## II.    Analysis

As explained above, defendants' motion challenges the viability of plaintiff's seven causes of action as to the individual defendants.  The court will address each cause of action, in turn.

a)    <u>Breach of Contract</u>

Under Louisiana law,[4] a claim for breach of contract requires proof of three elements:

---

[3]  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).

[4]  Movants analyzed plaintiff's state law claims pursuant to Louisiana law.  Plaintiff did not contest applicability of Louisiana law.  Therefore, the parties implicitly agree that the

"(1) that the *obligor* undertook an obligation to perform; (2) that the *obligor* failed to perform the obligation (the breach); and (3) that the failure to perform resulted in damages to the obligee." *Walker v. Pelican Pub. Co., Inc.*, Civ. A. No. 10-4389, 2011 WL 2976271 (E.D. La. July 22, 2011) (citation omitted) (emphasis added). Tabor alleges that she entered into a two year employment agreement with MPHSD. (Compl., ¶ 5). There are no allegations that the individual defendants were parties to the contract or that they bound themselves to do anything under the terms of the contract. It is manifest that no action for breach of contract may lie in the absence of privity of contract between the parties. *Estate of Mayeaux v. Glover*, 31 So. 3d 1090, 1095 (La. App. 1st Cir. 2010) (citation omitted).[5] Accordingly, plaintiff does not state a claim against the individual defendants for breach of contract.

b)    Defamation Per Se

Under Louisiana law,[6] a cause of action for defamation is comprised of four elements:

_____

disputed state law issues are governed by the substantive law of Louisiana. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied).

[5] If anything, plaintiff's allegations suggest a potential claim against the individual defendants for intentional interference with contract. *See 9 to 5 Fashions, Inc. v. Spurney,* 538 So.2d 228 (La.1989). However, she did not urge such a claim in her complaint or in response to defendants' motion. In any event, Louisiana limits a claim for tortious interference with contract to cases against officers of *private* corporations. *Progressive Waste Solutions of La, Inc. v. Lafayette Consol. Gov't*, Civ. Action No. 12-0851, 2015 WL 222396, at *9 (W.D. La. Jan. 14, 2015), *affirmed* 2015 WL 6500430 (5th Cir. Oct. 28, 2015); *City of Alexandria v. Cleco Corp.*, 735 F. Supp. 2d 448, 463 (W.D. La. 2010). The MPHSD, however, is a hospital service district as contemplated and authorized by Louisiana Revised Statute § 46:1051(A). Consequently, it is considered a political subdivision of the state - not a private corporation. *See* La. R. S. § 46:1064; *Bertrand v. Sandoz*, 260 La. 239, 255 So. 2d 754 (La. 1971).

[6] *See* fn 4.

"(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 864 So. 2d 129, 139-40 (La. 2004) (citations omitted).  Thus, in order to prevail, a plaintiff must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages."  *Id*. (citations and internal quotation marks omitted).  If but one of the required elements of the tort is absent, the cause of action fails.  *Id*.[7]  Further, "[a] plaintiff in a defamation suit must name the individual offenders and allege separate acts of defamation as to each, including specific defamatory statements."  *Clulee v. St. Pierre*, 142 So. 3d 83, 86-87 (La. App. 5th Cir. 2014) (citation omitted).

Movants emphasize that the complaint does not allege any defamatory statements made by them.  In fact, the first two paragraphs of plaintiff's cause of action on defamation detail statements made by Caldwell and Williams – two defendants no longer in this case.  (Compl., ¶¶ 23-24).  Moreover, in her response to the motion, plaintiff concedes that her complaint does not state a cause of action for defamation against movants, Ford, Smith, and Bartholomew.  (Pl. Response, pg. 3).  She maintains, however, that "Barrilleaux, made numerous statements at public board meetings, whereby he misrepresented facts concerning plaintiff.  He called a

---

[7]  Nevertheless,

[w]ords which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory per se.  When a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice (or fault) are presumed, but may be rebutted by the defendant.  The element of injury may also be presumed.

*Id*.  (internal citations omitted).

mandatory meeting of all employees and made slanderous statements about plaintiff.  Ongoing

discovery will determine the extent of those statements."  *Id.*

These allegations, however, are not in the complaint.  Even if they were, they remain

conclusory and insufficient to sustain a claim for relief in the wake of *Twombly* and *Iqbal*.  *See*

discussion, *supra*.  Furthermore, publication contemplates a "*nonprivileged* communication of

defamatory words, written or oral . . ."  *Doe v. Grant*, 839 So. 2d 408, 416 (La. App. 4th Cir.

2001) (citations omitted) (emphasis added).  "[S]tatements between employees, made within the

course and scope of their employment, are not statements communicated or publicized to third

persons so as to constitute a publication."  *Id*.  The unspecified statements uttered by Barrilleaux,

alluded to by plaintiff in her response, suggest that they were made in the course and scope of

Barrilleaux's employment with MPHSD.  Thus, even if plaintiff had pleaded them, they are not

actionable.

Accordingly, plaintiff does not state a claim for defamation per se against the individual

defendants.

c)    Deprivation of Civil Rights Under 42 U.S.C. § 1983

i)    ARGUMENT

Plaintiff asserts in her complaint both that the "hospital board" is liable under § 1983, and

that the "actions of the Board of Trustees for [MPHSD] render it liable under § 1983 . . ."

(Compl., ¶¶ 38-39).  Plaintiff further alleges that "[the MPHSD], individually and through its

board of trustees intentionally denied [her] of certain [constitutional rights] . . ."  *Id*., ¶ 40.  She

contends that "she was denied a fair opportunity to be heard by the board of trustees before being

terminated by same and tried, summarily, before the media for crimes alleged, but not

established."  *Id*., ¶ 41.

Movants argue that plaintiff did not allege any facts to support a claim for deprivation of

civil rights against Barrilleaux.  They further emphasize that plaintiff sued former MPHSD commissioners, Ford, Smith, and Bartholomew, only in their official capacities, which is duplicative of plaintiff's § 1983 claim against the MPHSD itself.  Movants also contend that the complaint does not identify a policy or custom as required to support a claim against the MPHSD.

Plaintiff did not address defendants' arguments in her response, and instead, simply reiterated that she was denied a fair opportunity to be heard by the "board of trustees" before her termination.

ii)    ANALYSIS

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).

The first inquiry is whether plaintiff has alleged a violation of a constitutional right at all. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995).  As recited above, plaintiff asserts that the MPHSD discharged her from employment without a hearing.  Plaintiff's allegation implicates the Due Process Clause of the Fourteenth Amendment which declares that no State shall "deprive any person of life, liberty, or property, without due process of law."

8

UNITED STATES CONSTITUTION, AMENDMENT XIV.[8]  Furthermore, "[a] public employee who has a property interest in her job cannot be fired without due process of law."  *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429-30 (5th Cir. 1996) (citation omitted).  Whether the worker enjoys a property interest in her job is determined by state law, i.e., Louisiana law in this case. *Id*. (citation omitted).

To demonstrate a property interest in her job under Louisiana law, plaintiff must show either 1) that she had a contract for a definite term, or 2) that her employer agreed to fire her only for cause.  *Id*. (citation omitted); *see also Cobb v. City of Harahan*, 516 F. App'x 337, 341 (5th Cir. 2013) (property interest in continued employment where some source guaranteed employment for a specific length of time or provided that the employee could be discharged only for specific reasons).  Here, at minimum, plaintiff alleges that she had an employment contract with a two year term, but was discharged after less than six months without cause.  (Compl., ¶ 5). As a result, she enjoyed a protected property interest in her continued employment.[9]

Once it is determined that the Due Process Clause applies, the question becomes what process is due.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S. Ct. 1487, 1493 (1985) (citation omitted).  The short answer is that the Due Process Clause generally requires "that an individual be given an opportunity for a hearing *before* [s]he is deprived of any significant property interest."  *Id*. (citation omitted).  Tabor alleges that she was discharged from

---

[8]  Plaintiff does not assert or advance a First Amendment retaliation claim.  *See Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014) (discussing elements of that claim).

[9]  The Due Process Clause also protects an individual's liberty interest in her reputation under circumstances where "a public employee is discharged in a manner that creates a false and defamatory impression about h[er] and thus stigmatizes h[er] and forecloses h[er] from other employment opportunities," [s]he is entitled to notice and an opportunity to be heard."  *Klingler v. Univ. of S. Mississippi, USM*, 612 F. App'x 222, 229 (5th Cir. 2015) (citations and internal quotation marks omitted).

employment without an opportunity for a hearing.  (Compl., ¶ 41).

Having alleged a due process violation, plaintiff still must show that the alleged deprivation was committed by a person acting under color of state law.  *Leffall, supra*.  The court notes that municipalities and other local government units are considered persons to whom § 1983 applies.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035 (1978).  Consequently, local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id*.

The MPHSD is a hospital service district created by the Madison Parish Police Jury pursuant to Louisiana Revised Statute § 46:1051.  *See* Answer [doc. # 14].  As such, the MPHSD is a body corporate in law with all the powers of a corporation, perpetual existence, and the power and right to incur debts, contract obligations, to sue and be sued, and to perform any and all acts in its corporate capacity and its corporate name necessary for carrying out the purposes for which the hospital service district was created.  La. R. S. § 46:1060.  The MPHSD also is a political subdivision of the state.  La. R.S. § 46:1064.  Accordingly, the MPHSD is a "person" or "municipality" subject to 42 U.S.C. § 1983.  *See Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) (local government unit such as a county is a "municipality" under § 1983); *Frazier v. Bd. of Trustees of Nw. Mississippi Reg'l Med. Ctr.*, 765 F.2d 1278, 1284 (5th Cir. 1985) (county hospital, is a "person" to whom § 1983 applies).

The MPHSD, as a municipality or local government entity, is liable under § 1983 only for acts directly attributable to it "through some official action or imprimatur."  *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001)).  Thus, to establish municipal liability under § 1983, a plaintiff must

show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." *Id*. (citing *Monell*, 436 U.S. at 691, 98 S.Ct. 2018).  That is, a plaintiff ordinarily must identify:  "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id*. (citations omitted).

Movants contend that plaintiff failed to set forth any specific facts to identify an MPHSD policy or custom that led to her alleged constitutional deprivation.  However, "a single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Valle, supra* (citation omitted).  For example, "plaintiffs can hold municipalities liable for single instances of conduct perpetrated by the policymakers themselves; such one-time conduct can represent official "policy" even though it does not necessarily form part of a plan or rule developed to govern all like occasions." *Milam v. City of San Antonio*, 113 F. App'x 622, 626 (5th Cir. 2004) (citation omitted).

Tabor alleges that the MPHSD, through its Board of Commissioners, denied her a pre-deprivation hearing. *See* Compl., ¶¶ 38-42.  In addition, there is ample authority to support a finding that the MPHSD's Board of Commissioners were the policymakers for the MPHSD, and thus their actions may be imputed to the MPHSD.[10]  Moreover, MPHSD's failure to provide

---

[10]  The MPHSD is governed by a board of five commissioners, which has the "duty and authority:

> (3) To make, alter, amend, and promulgate rules and regulations governing the conduct of the hospital.
>
> (4) To conduct hearings and pass upon complaints by or against any officer or employee of the district.
>
> (5) To review and modify, or set aside any action of the officers or employees of the district which the commission may determine to be desirable or necessary in the public interest . . .

plaintiff with a pre-termination hearing is the very basis for plaintiff's due process claim. Although plaintiff alleges that the Board was under the impression that she would receive a hearing, it is reasonable to infer that it ultimately dispensed with that procedural safeguard when it summarily sent her a termination letter.  (Compl., ¶¶  31-32).  Accordingly, plaintiff's complaint states a viable § 1983 claim against the MPHSD.[11]

The court observes that plaintiff sued Scott Barrilleaux, individually, and in his official capacity as "CEO of Madison Parish Hospital."  (Compl., ¶ 4).  However, her complaint does not specify in which capacity she sued Johnny Ford, Sandra Smith, and Tom Bartholomew.  Under these circumstances, the court must discern the nature of a defendant's liability from the substance of the claim, the relief sought, and the course of proceedings.  *Forside v. Mississippi State Univ.*, Civ. Action No. 10-438, 2002 WL 31992181, at *5 (N.D. Miss. Dec. 30, 2002) (citations omitted).

Given Tabor's § 1983 allegations against the Board as a whole, as well as her apparently conscious decision not to sue the members in both their official and individual capacities (in contrast to her allegations against Scott Barrilleaux), the court necessarily concludes that she sued the commissioners in their official capacities only.  When, as here, plaintiff asserts a § 1983 claim against the local government entity, then an official capacity claim against the entity's commissioners or officials is redundant, and subject to dismissal as such.  *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 877 (5th Cir. 2009) (citations omitted) (because local

_____

La. R. S. § 46:1053(3)-(5) & 1055; *see also* La. Atty. Gen. Opin. 94-359(A) (Aug. 25, 1995) (the board must review employee dismissals);  La. Atty. Gen. Opin. 99-162 (June 9, 1999) (the board has the power to enact bylaws that address procedures to be followed in conducting hearings and processing complaints).

[11]  Although MPHSD did not join in the instant motion, movants' argument as to plaintiff's § 1983 claim implicates issues affecting MPHSD's liability.

government entity was a named defendant, district court did not err in dismissing official

capacity claims against its commissioners); *Mason v. Lafayette City-Parish Consol. Gov.'t, et al.*,

No. 14-30021, ____ F.3d ____, (5th Cir. Nov. 10, 2015) (claim against mayor in his official

capacity was treated as claim against the municipality itself).

Furthermore, plaintiff failed to allege facts to support a § 1983 claim against Barrilleaux,

in his individual capacity.  "A valid individual capacity claim requires a Section 1983 plaintiff to

establish that the defendant was either personally involved in a constitutional deprivation or that

his wrongful actions were causally connected to the constitutional deprivation."  *La. Cleaning*

*Systems v. Brown*, Civ. Action No. 14-2853 (W. D. La. Nov. 9, 20150) (citing *James v. Texas*

*Collin Cty.*, 535 F.3d  365, 373 (5th Cir. 2008)).  Tabor does not set forth nay facts to show that

Barrilleaux was responsible for her discharge without due process.

The court concludes that plaintiff does not state a § 1983 claim against the individual

defendants.

d-e)   <u>Intentional Infliction of Emotional Distress and Assault and Battery</u>

In response to defendants' motion, plaintiff concedes that her complaint does not state a

claim for intentional infliction of emotional distress or for assault and battery against Ford,

Smith, and Bartholomew.  (Pl. Opp. Memo., pg. 4).  However, she urges the court to preserve her

claim against Barrilleaux because of his role in ordering MPHSD guards to follow and forcibly

remove her from the premises.  *Id.*

Contrary to movants' contentions, there is authority under Louisiana law for holding a

supervisor personally liable for her role in ordering a subordinate to commit a battery on another

employee.  *See McClain v. City of New Orleans*, 137 So. 3d 671, 678-79 (La. App. 4th Cir. La.

App.), *writ denied*, 140 So. 3d 726 2014 (La. 2014) (holding that petition stated cause of action

against employer and supervisor for intentional tort of battery).  Here, however, plaintiff

specified in the complaint that her claims for intentional infliction of emotional distress and

assault and battery were against Barrilleaux "in his official capacity as CEO of Madison Parish

Hospital . . ." (Compl., ¶¶ 43 & 45).  As stated earlier, official-capacity suits "generally represent

only another way of pleading an action against an entity of which an officer is an agent . . . It is

*not* a suit against the official personally, for the real party in interest is the entity."  *Kentucky v.*

*Graham*, 473 U.S. 159, 165 66, 105 S. Ct. 3099, 3105 (1985) (citations omitted).  As MPHSD

remains a defendant, her official capacity claim against Barrilleaux is redundant and subject to

dismissal as such.  *Glaster v. City of Mansfield*, Civ. Action No. 14-627, 2015 WL 852412, at

*11 (W.D. La. Feb. 26, 2015) (collecting cases).

Accordingly, plaintiff's complaint does not state a claim against the individual defendants

for intentional infliction of emotional distress or assault and battery.

f)      <u>Louisiana Whistleblower Statute</u>

The Louisiana Whistleblower Statute ("LWS") provides, in pertinent part, that

[a]n employer shall not take reprisal against an employee who in good faith, and
after advising the employer of the violation of law:

(1) Discloses or threatens to disclose a workplace act or practice that is in
violation of state law.

(2) Provides information to or testifies before any public body conducting an
investigation, hearing, or inquiry into any violation of law.

(3) Objects to or refuses to participate in an employment act or practice that is in
violation of law.

La. R. S. § 23:967(A).

"Reprisal" under the LWS includes firing, layoff, loss of benefits, or any discriminatory action

that stems from a protected activity listed in paragraph (A).  La. R.S. § 23:967(B).  Thus, to

prevail under the LWS, the successful plaintiff must demonstrate 1) that she, in good faith,

advised her employer; 2) of a prohibited workplace act or practice that violated state law; 3)

which she then a) disclosed, or threatened to disclose; b) forwarded to, or testified about before a public body; or c) otherwise objected to, or refused to participate in; and 4) as a result, her employer caused her to suffer an adverse or discriminatory job action.  La. R. S. § 23:967.  "To qualify for protection under the Louisiana Whistleblower Statute, a plaintiff must prove that h[er] employer committed an *actual* violation of state law."  *Wilson v. Tregre*, 787 F.3d 322, 326 (5th Cir. 2015).

Movants contend that plaintiff fails to state a claim under the LWS because she did not allege a violation of state law.  Plaintiff alleged, however, that she informed the Board of various financial irregularities, receipt of overpayments, and missing hospital funds.  *See* Compl., ¶¶ 6-20.  These allegations suffice to implicate violations of state law for filing false public records with a public office or official, and for presenting a false or fraudulent claim.  *See Williams v. Hosp. Serv. Dist. of W. Feliciana Parish, La.*, Civ. Action No. 15-0095, 2015 WL 4656910, at *4 (M.D. La. Aug. 5, 2015) (citing La. R. S. § 14:70.1 and La. R.S. § 14:133).

Movants further argue that the LWS only authorizes a cause of action against employers, and that they were not her employer.  The court agrees.  *Chenevert v. Christus Continuing Care*, Civ. Action No. 12-3096, 2015 WL 6438675, at *13 (W.D. La. Oct. 21, 2015) (an aggrieved employee may bring an action for damages against her *employer*).  Barrilleaux, in his individual capacity, was not plaintiff's employer.  Furthermore, plaintiff's claim against movants in their official capacities is a suit against the MPHSD, and is redundant.  *See* discussion, *supra*.

The court finds that plaintiff's complaint does not state a claim under the LWS against the individual defendants.

g)      <u>Attorney's Fees and Miscellaneous Fees</u>

Movants argue that plaintiff is not entitled to attorney's fees and unspecified miscellaneous fees.  Plaintiff responded that if the court does not dismiss her LWS claim against

15

the individual defendants, then the same statute authorizes an award of attorney's fees.  (Pl. Opp. Memo., pg. 5).  However, having found that plaintiff's complaint fails to state a claim for substantive relief against the movants, *see* discussion, *supra*, the court necessarily finds wanting her claims for ancillary relief.

**Conclusion**

For the above-assigned reasons,

IT IS RECOMMENDED that the motion for judgment on the pleadings, Fed.R.Civ.P. 12(c) [doc. # 41], filed by defendants, Johnny Ford, Sandra Smith, Tom Bartholomew, and Scott Barrilleaux, be GRANTED, and that plaintiff's claims against said defendants be DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of November 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE