UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| BARBARA TABOR | * | CIVIL ACTION NO.  14-2374 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MADISON PARISH HOSPITAL SERVICE DISTRICT, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a "Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) Filed on Behalf of James D. 'Buddy' Caldwell in his Capacity as Former Attorney General." [Doc. No.  90].   For the following reasons, the motion is DENIED.

Plaintiff Barbara Tabor ("Tabor") originally brought this lawsuit against the Madison Parish Hospital Service District ("MPHSD"); James D. "Buddy" Caldwell ("Caldwell") in his official capacity as Attorney General; Thomas Joe Williams, Johnny Ford, Sandra Smith, and Tom Bartholomew, individual members of the Board of Trustees of MPHSD; and Scott Barrilleaux in his official capacity as CEO of Madison Parish Hospital.

Tabor is the former Chief Financial Officer ("CFO") of MPHSD who was terminated after six months of employment and was the subject of criminal charges.   After her termination, she filed this lawsuit asserting claims against the various defendants for (1) breach of contract; (2) defamation per se; (3) deprivation of civil rights under 42 U.S.C. § 1983; (4) intentional infliction of emotional distress; (5) assault and battery; (6) violation of the Louisiana Whistleblower Statute, LA. REV. STAT. § 23:967; and (7) attorney's fees and miscellaneous fees.   Tabor also sought compensatory and special damages,

comprised of back pay, benefits, reinstatement, mental anguish, pain and suffering, and lost wages.

In response to Tabor's suit, Defendant Thomas Joe Williams, through his surviving spouse, sought dismissal of the claims against him.  The Court adopted the Report and Recommendation of the Magistrate Judge and found that a deceased person lacked the capacity to be sued.  On April 13, 2015, the Court dismissed Tabor's claims against this Defendant. [Doc. No. 28].

Caldwell also moved for dismissal of the claims against him asserting immunity under the Eleventh Amendment.  The Court agreed with the finding of the Magistrate Judge that the Court lacked jurisdiction over Caldwell.  On October 30, 2015, the Court entered Judgment [Doc. No. 66] dismissing the claims against Caldwell.  Caldwell did not move for certification of the judgment as final at that time.

The remaining individual Defendants Johnny Ford ("Ford"), Sandra Smith ("Smith"), Tom Bartholomew ("Bartholomew"), and Scott Barrilleaux ("Barrilleaux") moved for judgment on the pleadings.  The Court adopted the Report and Recommendation of the Magistrate Judge and found that Tabor failed to state claims against these Defendants.  On February 5, 2016, the Court dismissed the claims against these Defendants as well. [Doc. No. 87].

On March 22, 2016, Ford, Smith, Bartholomew, and Barrilleaux moved for entry of final judgment on the claims against them under Federal Rule of Civil Procedure 54(b).  Counsel for Tabor notified the Court that she had no opposition to the entry of this judgment.  Therefore, on March 24, 2016, the Court entered final judgment against these Defendants under Rule 54(b).

Now, almost seven months after the Court dismissed the claims against Caldwell, he also moves the Court for entry of final judgment pursuant to Rule 54(b). [Doc. No. 90].  Tabor does oppose his motion. [Doc. No. 92].

The finality of a lower court order or judgment determines whether an appellate court has jurisdiction to review it. "Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific cases, 28 U.S.C. § 1292(a) or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanane v. Livingwell, Inc.,* 981 F.2d 807, 809-10 (5th Cir. 1993) (citations omitted).

In this case, Tabor's claims against MPHSD remain pending before the Court.  As all claims have not been resolved, the Court's judgment of dismissal of the claims against Caldwell is not final. Caldwell moves the Court to certify it as a final judgment pursuant to Rule 54(b), arguing that all claims against him have been decided, and, thus, there is no just reason for delay.  Tabor opposes the motion, contending that it will result in piecemeal appeals, and judicial efficiency will be affected because the Fifth Circuit would have to familiarize itself with this case multiple times.

Rule 54(b) provides:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and abilities.

In order to prevent piecemeal litigation, "a district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indust. Inc. v. Harris Cnty.*

*Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

With regard to the other individual Defendants, Tabor had no opposition to the Rule 54(b) certification, in effect indicating that she did not intend to appeal that decision.  However, in this case Tabor has stated the exact opposite–that she would have to appeal immediately if Caldwell's judgment is certified as final.

Further, Caldwell has identified no hardship that he will endure if the Court denies its motion. In fact, he had seven months to seek a Rule 54(b) certification, but only sought certification after the Court certified the judgment dismissing the claims against Ford, Smith, Bartholomew, and Barrilleaux. Trial is set on the claims against the remaining Defendant MPHSD in less than one year.  At the conclusion of trial, any appeals can be taken.  Accordingly, Caldwell's "motion is insufficient to overcome the policy against piecemeal appeals." *Hefron v. Murphy Exploration and Prod. Co., USA*, 34 F.Supp.3d 651, 661 (W.D. La. 2014); *see also PYCA Ind.*, 81 F.3d at 1421.

Therefore,

IT IS ORDERED that Caldwell's motion for entry of final judgment  [Doc. No.  90] is DENIED.

MONROE, LOUISIANA, this 13th day of June, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4